UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>               *Plaintiff*,<br>v.<br><br>ENERGY SOLUTIONS, INC.,<br>ROCKWELL HOLDCO, INC.,<br>ANDREWS COUNTY HOLDINGS,<br>INC.,<br><br>and<br><br>WASTE CONTROL SPECIALISTS<br>LLC,<br><br>               *Defendants*. | Civil Action No.: 1:16-cv-01056-SLR |

## SCHEDULING ORDER

This __7th__ day of February 2017, the Court having conducted Rule 16 Scheduling Conferences pursuant to Local Rule 16.2(b) on January 17, 2017 and January 31, 2017, and the parties having determined after discussion that the matter cannot be resolved at this juncture by settlement, voluntary mediation, or binding arbitration;

IT IS ORDERED that:

1. **Discovery**. All discovery in this case shall be initiated so that it will be completed on or before April 17, 2017 and shall be conducted in accordance with the schedule listed in Exhibit A and pursuant to the Joint Stipulations Regarding Discovery listed in Exhibit B.

    (a) **Discovery and Scheduling Matters**. Any discovery dispute shall be submitted to the court pursuant to Fed. R. Civ. P. 37. During the course of discovery, each party is limited to two (2) Rule 37 motions. The court shall make itself available, however, to resolve

[Handwritten annotation, initialed and dated 2/1/17:] The court shall be available, through the SLR civil email account, to respond to any discovery issues that remain after the parties have met personally and conferred. NO DISCOVERY MOTIONS shall be filed. The court shall be available to resolve

through a telephone conference, disputes that arise during the course of a deposition and disputes related to entry of a protective order.

2. **Confidential Information and Papers Filed Under Seal**. Discovery and production of confidential information shall be governed by the Protective Order entered by the Court in this action, and a copy of the Protective Order shall be included with any discovery requests, notices, or subpoenas directed to non-parties.

3. **Settlement Conference**. This matter is not referred to the United States Magistrate Judge for the purpose of exploring the possibility of a settlement at this time. The parties shall notify the Court in the future if they believe that such a referral would be beneficial.

4. **Case Dispositive Motions**. No case dispositive motions shall be filed in this action.

5. **Applications by Motion**. Any application to the court shall be by written motion filed with the clerk. The court will not consider applications and requests submitted by letter or in a form other than a motion, absent express approval by the court.

(a) Any non-dispositive motion should contain the statement required by D. Del. LR 7.1.1.

(b) No telephone calls shall be made to Chambers.

(c) Any party with an emergency matter requiring the assistance of the Court shall e-mail Chambers utilizing the "Email Request for Emergency Relief" and Opposing Counsel's Response" forms posted on Judge Robinson's website and email the completed forms to slr_civil@ded.uscourts.gov. The email shall provide a short statement describing the emergency. NO ATTACHMENTS shall be submitted in connection with said emails.

6. **Oral Argument**. If the Court believes that oral argument is necessary, the Court will schedule a hearing Pursuant to Local Rule 7.1.14.

7. **Pretrial Conference**. On April 18, 2017, beginning at 4:00 p.m., the Court will hold a Pretrial Conference, in person, with counsel.

8. **Joint Pretrial Order**. The Joint Pretrial Order shall be filed with the Court on or before April 11, 2017 consistent with Local Rule 16.3. The Joint Pretrial Order should satisfy the requirements of Federal Rule of Civil Procedure 26(a)(3) and Local Rule 16.3. Ten (10) days before the Joint Proposed Pretrial Order is to be filed with the Court, Plaintiff's counsel shall provide Defendants' counsel with a draft pretrial order containing the information plaintiff proposes to include in the draft consistent with Local Rule 16.3. No less than five (5) business days before the Joint Pretrial Order is to be filed with the Court, Defendants' counsel shall, in turn, provide to plaintiff's counsel any comments on the plaintiff's draft, as well as the information Defendants propose to include in the proposed pretrial order. The parties shall thereafter meet and confer in good faith such that the Plaintiff may file the Joint Pretrial Order in conformity with Local Rule 16.3.

9. **Motions in Limine**. No motions in limine shall be filed. Instead, the parties shall be prepared to address their evidentiary issues at the Pretrial Conference and during trial (before and after the trial day).

10. **Proposed Findings of Fact and Conclusions of Law**. For any issues on which a party has the burden of proof at trial, that party shall submit to the Court, *ex parte*, proposed findings of fact and conclusions of law of law on such issues on or before April 17, 2017.

11. **Trial**. This matter is scheduled for a bench trial commencing on Monday, April 24, 2017.

SO ORDERED: _____February 7_____, 2017

_____
HONORABLE SUE L. ROBINSON
by. UNITED STATES DISTRICT JUDGE

## EXHIBIT A

PROPOSED DEADLINES

| Event | Deadlines |
|---|---|
| Fact discovery of Parties begins | January 3, 2017 |
| Rule 26(a)(1) disclosures | January 3, 2017 |
| Answers to Complaint due | January 6, 2017 |
| Deadline to amend pleadings or join parties | Five business days after filing of Answers |
| Parties exchange preliminary trial witness lists | January 12, 2017 |
| Fact discovery of third parties begins | January 18, 2017 |
| Close of fact discovery | March 21, 2017 |
| Final trial witness lists due, including brief summary of subjects of testimony of expert witnesses. | March 23, 2017 |
| Parties serve Rule 26(a)(2)(B) initial expert witness disclosures that contain complete statements of all opinions the witness will express about the proposed acquisition's likely competitive effects and the basis and reasons for those opinions | March 27, 2017 |
| Plaintiff provides Defendants the draft Joint Proposed Pretrial Order, including proposed procedures regarding the use of Confidential Information during trial | March 28, 2017 |
| Parties exchange exhibit lists and deposition designations | March 28, 2017 |
| Parties exchange proposed stipulations and uncontested facts | March 31, 2017 |
| Parties exchange objections to exhibits and deposition designations and exchange rebuttal exhibit lists and deposition counter-designations | April 4, 2017 |
| Defendants provide their responses to the Plaintiff's draft Joint Proposed Pretrial Order | April 4, 2017 |
| Deadline for depositions of any individual on the final trial witness lists that was not on the preliminary witness | April 6, 2017 |

| | |
|---|---|
| lists | |
| Parties meet and confer regarding proposed stipulations and uncontested facts | April 7, 2017 |
| Parties exchange objections to rebuttal exhibits and deposition counter-designations and exchange counter-counter designations | April 7, 2017 |
| Parties exchange objections to deposition counter-counter designations | April 10, 2017 |
| Parties serve Rule 26(a)(2)(D)(ii) expert witness disclosures that are intended solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or supplemented by information discovered during depositions of any individual on the final trial witness lists that was not on the preliminary witness lists | April 10, 2017 |
| Parties meet and confer regarding evidentiary issues that will be discussed at the final pretrial conference | April 10, 2017 |
| Joint Proposed Pretrial Order to be filed | April 11, 2017 |
| Close of expert discovery | April 17, 2017 |
| Parties submit, *ex parte*, proposed findings of fact to the Court | April 17, 2017 |
| Final pretrial conference | April 18, 2017 at 4:00 p.m. |
| Parties submit final trial exhibits to Court | April 21, 2017 |

## EXHIBIT B

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                *Plaintiff,*<br>v.<br><br>ENERGY SOLUTIONS, INC.,<br>ROCKWELL HOLDCO, INC.,<br>ANDREWS COUNTY HOLDINGS,<br>INC.,<br><br>and<br><br>WASTE CONTROL SPECIALISTS<br>LLC,<br><br>                *Defendants.* | Civil Action No.: 1:16-cv-01056-GMS |

## JOINT STIPULATIONS REGARDING DISCOVERY

1. **Discovery Conference.** The parties' prior consultations and submission of this proposed Order satisfies the parties' duty under Fed. R. Civ. P. 26(f).

2. **Investigation Materials.** The parties will produce, to the extent not already produced, the following Investigation Materials as part of the Rule 26(a)(1) initial disclosures, regardless of whether the materials were received informally or through compulsory process, such as a subpoena or Civil Investigative Demand: (a) all correspondence, documents, data, information, or transcripts of testimony that (i) any non-party provided to any party or its counsel either voluntarily or under compulsory process preceding the filing of this action in the course of the parties' respective inquiries into the likely competitive effects of the planned acquisition or (ii) any party or its counsel provided to any non-party preceding the filing of this action in the course

1

of the parties' inquiries into the competitive effects of the proposed acquisition; and (b) any witness statements, including affidavits, transcripts, or letters, whether in hard-copy or electronic form, sent or received by any party including its counsel to or from any non-party including its counsel, preceding the filing of this action, in the course of the parties' respective inquiries into the likely competitive effects of the planned acquisition. The parties will conduct good-faith, reasonable, and diligent searches for Investigation Materials; if any Investigation Material is not produced as agreed in this Paragraph, the parties will meet and confer in good faith to agree on a resolution. Except as otherwise provided in this paragraph, nothing in this Order requires the production of any party's attorney work product, confidential attorney-client communications, communications with or information provided to any potentially or actually retained expert, or materials subject to the deliberative-process or any other governmental privilege. The parties, during this case, will neither request nor seek to compel production of any interview notes, interview memoranda, or a recitation of information contained in such notes or memoranda. Defendants shall not be required to produce to Plaintiff any correspondence, documents, data, or information previously provided to Plaintiff in the course of the Parties' respective inquiries into the likely competitive effects of the planned acquisition and Plaintiff shall not be required to produce to Defendants any correspondence, documents, data, or information previously provided by any Defendant to Plaintiff in the course of the Parties' respective inquiries into the likely competitive effects of the planned acquisition.

3. **Written Discovery**.

    a. Interrogatories shall be limited to 5, including discrete subparts, by the United States to each Defendant Family (Energy Solutions, Inc. and Rockwell Holdco, Inc. representing one Defendant Family and Andrews County Holdings, Inc. and Waste Control

Specialists LLC being a separate Defendant Family), and 5, including discrete subparts, by each Defendant Family to the United States.

    b. The United States may serve up to 5 requests for admission to Defendants collectively, and Defendants collectively may serve up to 5 requests for admission on the United States. Requests for admission relating solely to the authentication or admissibility of documents, data, or other evidence, which are issues that the parties shall attempt to resolve initially through negotiation, shall not count against these limits.

    c. Defendants (combined) may serve no more than 20 document requests on the United States. The United States may serve no more than 20 document requests on Defendants (combined).

    d. Unless otherwise agreed, the parties shall respond in writing to interrogatories and requests for admissions within 10 business days after they are served.[1] The parties must serve any objections to requests for productions of documents within 7 business days after the requests are served, along with their proposed custodians to be searched. Within 2 business days of service of those objections, the parties will meet and confer to attempt to resolve the objections and custodians. Responsive productions of non-objectionable documents will be made on a rolling basis with a good-faith effort to be completed no later than (i) 25 calendar days after service of the request for production or (ii) if documents are withheld on the basis of objections or a lack of agreement on custodians, 14 calendar days after the resolution of any objections and custodians by the parties (but in no case less than 25 days after service of the request for production). In response to any Rule 34 requests for data or data compilations, the parties will meet and confer in good faith and make employees knowledgeable about the content, storage, and production of data available for informal consultations during a meet and confer process.

---

[1] Unless otherwise specified, days shall be counted pursuant to Federal Rule of Civil Procedure 6.

3

4. **Privilege**

   a. **Privilege logs.** The parties agree that the following privileged or otherwise protected communications may be excluded from privilege logs: (1) any documents or communications sent solely between outside counsel for the parties (or persons employed by or acting on behalf of such counsel) or solely between counsel of the United States (or persons employed by the United States Department of Justice); (2) documents that were not directly or indirectly furnished to any non-party, such as internal memoranda, and that were authored by the parties' outside counsel (or persons employed by or acting on behalf of such counsel) or by counsel for the United States (or persons employed by the United States Department of Justice); (3) documents or communications sent solely between outside counsel for the parties (or persons employed by or acting on behalf of such counsel) and employees or agents of each party or between counsel for the United States (or persons employed by the United States Department of Justice) and employees or agents of any other United States agency with whom the Department of Justice shares an attorney-client or common-interest relationship; (4) privileged draft contracts; (5) draft regulatory filings; and (6) non-responsive, privileged documents attached to responsive documents. When non-responsive, privileged documents that are attached to responsive documents are withheld from production, however, the parties will insert a placeholder to indicate a document has been withheld from that family. The parties also agree to the following guidelines concerning the preparation of privilege logs: (a) a general description of the litigation underlying attorney work product claims is permitted; (b) identification of the name and the company affiliation for each non-Defendant person is sufficient identification; and (c) there is no requirement to identify the discovery request to which each privileged document was responsive.

b. **Inadvertent Production of Privileged or Work Product Documents or Information.** Pursuant to and consistent with Federal Rules of Evidence 502(d), if a document or information subject to a claim of attorney-client privilege, work-product immunity, deliberative process privilege, or any other relevant privilege or immunity under relevant case law and rules, production of which should not have been made to any party, is inadvertently produced to such party, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppels as to, any claim of privilege, work product, or any other ground for withholding production to which any party producing the documents or information would otherwise be entitled.

5. **Witness Lists.** Each side is limited to 25 persons on its preliminary trial witness list, and 20 persons on its final trial witness list. Both the preliminary trial witness list and the final trial witness list shall be good-faith attempts to identify for the other side the witnesses the party expects that it may present at trial other than solely for impeachment. The final trial witness lists may identify no more than 5 witnesses that were not identified in the preliminary trial witness list. Each witness for whom a party offers deposition designations to be offered at trial must be included as a witness on the final trial list. The final trial witness list shall comply with Federal Rule of Civil Procedure 26(a)(3)(A).

6. **Fact Witness Depositions.** Each side may take 35 depositions of fact witnesses and may additionally take the deposition of any persons identified on the final trial witness lists but who were not identified in the preliminary trial witness lists. The United States may take up to two depositions pursuant to Federal Rule of Civil Procedure 30(b)(6) of each Defendant Family. If taken, these Rule 30(b)(6) depositions count against the total number of depositions the United States is permitted by this Order. Depositions taken for the sole purpose

of establishing the location, authenticity, or admissibility of documents produced by any party or non-party do not count toward the limit on depositions. Such depositions shall be designated as such at the time that the deposition is noticed and shall be noticed only after the party taking the deposition has taken reasonable steps to establish location, authenticity, or admissibility through other means.

Depositions of fact witnesses are limited to no more than one (7-hour) day unless otherwise stipulated. During non-party depositions, the non-noticing party shall receive two hours of examination time. If the non-party deposition is noticed by both parties then time shall be divided equally, and the deposition of the non-party will count as one deposition for both parties.

The Parties shall make a good-faith effort to make Party witnesses available for deposition upon 10 calendar days' notice and the Parties will use reasonable best efforts to schedule the location and time of all Party depositions in a manner to reduce the burdens of travel to all Parties. If a third-party witness receives a subpoena for documents, any deposition of such person shall not occur until 7 calendar days after receipt by both Parties of the third-party's response to the subpoena for documents. If a third party that has complied with a subpoena for documents produces additional documents within 7 days of the noticed deposition date, the deposition shall occur as scheduled unless a Party in good faith immediately notifies the other Parties that it is unable to prepare adequately for the deposition, given the additional document production.

Investigative depositions taken during the investigation of the proposed acquisition do not count toward the number of depositions allowed by this Order and may be used at trial in the same manner as depositions taken during this litigation. Either party may further depose

witnesses whose investigative depositions were taken during the investigation, subject to any agreement of the Parties to limit the duration of those additional depositions, and the fact that such individuals' depositions were taken during the investigation may not be used as a basis for either side to object to their deposition during the above-captioned action pending in this Court.

7. **Expert Witness Discovery.** Expert disclosures, including each side's expert reports, shall comply with the requirements of Federal Rule of Civil Procedure 26(a)(2), except as modified herein:

   a. Neither side must preserve or disclose for purposes of complying with Rule 26(a)(2), including in expert deposition testimony, the following documents or materials:

   i. any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between:

   1. Plaintiff's counsel and Plaintiff's expert(s), or between any agent or employee of Plaintiff's counsel and Plaintiff's expert(s);
   2. any Defendant's counsel and its expert(s), or between any agent or employee of the Defendant's counsel and the Defendant's expert(s);
   3. testifying and non-testifying experts;
   4. non-testifying experts; or
   5. testifying experts;

   ii. any form of oral or written communications, correspondence, or work product not relied upon by the expert in forming any opinions in his or her final report shared between experts and any persons assisting the expert;

7

    iii. expert's notes, except for notes of interviews participated in or conducted by the expert of fact witnesses;

    iv. drafts of expert reports, affidavits, or declarations; and

    v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in forming any opinions in his or her final report.

  b. The parties agree that the following materials will be disclosed during expert discovery:

    i. all final expert reports;

    ii. a list by bates number of all documents relied upon by the testifying expert(s); and copies of any materials not previously produced that are not readily available publicly;

    iii. a list of all publications authored in the previous ten years; and copies of any such materials that are not readily available publicly; and

    iv. for any calculations appearing in the report, all data and programs underlying the calculation, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

  c. Each expert shall be deposed for only one (7-hour) day and all 7 hours shall be reserved for the opposing party.

  d. Depositions of each side's experts shall be conducted only after disclosure of all expert reports and materials.

8. **Nationwide Service of Trial Subpoenas**. To assist the parties in planning discovery,

8

and in view of the geographic dispersion of potential witnesses in this action outside this District, the parties shall be permitted, pursuant to 15 U.S.C. § 23, to issue trial subpoenas that may run into any other federal district requiring witnesses to attend this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Fed. R. Civ. P. 32 and Fed. R. Evid. 804 available under those rules or otherwise affect the admissibility at trial of a deposition of a witness.

9. **Service of Pleadings and Discovery on Other Parties**. Service of all pleadings, discovery requests, including Rule 45 subpoenas for testimony or documents, expert disclosures, and delivery of all correspondence in this matter shall be made by ECF or email, except when the volume of attachments requires overnight delivery of the attachments or personal delivery, to the following individuals designated by each party:

For Plaintiff United States of America:

> Julie Elmer (julie.elmer@usdoj.gov)
> John Lindermuth (john.lindermuth@usdoj.gov)
> Travis Chapman (travis.chapman@usdoj.gov)
> Jennifer Wamsley (jennifer.wamsley@usdoj.gov)
> Emma Shreve (emma.shreve@usdoj.gov)
> United States Department of Justice
> 450 Fifth Street, NW, Suite 7100
> Washington, D.C. 20530
> Ph: (202) 598-8332 (Ms. Elmer)

For Defendants EnergySolutions, Inc. and Rockwell Holdco, Inc.:

> Paul J. Lockwood (paul.lockwood@skadden.com)
> Skadden, Arps, Slate, Meagher & Flom LLP
> One Rodney Square
> 920 N. King Street
> Wilmington, DE 19801
> Ph: (302) 651-3210
>
> Tara L. Reinhart (tara.reinhart@skadden.com)
> Steven C. Sunshine (steven.sunshine@skadden.com)
> Tiffany R. Rider (tiffany.rider@skadden.com)

9

Joseph Ciani-Dausch (joseph.ciani-dausch@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
1440 New York Ave., N.W.
Washington, DC 20005
(202) 371-7630 (Ms. Reinhart)

Paul M. Eckles (paul.eckles@skadden.com)
Skadden, Arps, Slate, Meagher & Flom LLP
4 Times Square
New York, NY 10036
(212) 735-2578

For Defendants Waste Control Specialists LLC and Andrews County Holdings, Inc.:

Joseph Ostoyich (joseph.ostoyich@bakerbotts.com)
Hugh Hollman (hugh.hollman@bakerbotts.com)
Austin Ownbey (austin.ownbey@bakerbotts.com)
Pouria Sadat (pouria.sadat@bakerbotts.com)
Baker Botts L.L.P.
The Warner
1299 Pennsylvania Avenue, NW
Washington, DC 20004
Ph: (202) 639-1309 (Mr. Hollman)

Van Beckwith (van.beckwith@bakerbotts.com)
Yaman Desai (yaman.desai@bakerbotts.com)
Baker Botts L.L.P.
2001 Ross Avenue, Suite 600
Dallas, Texas 75201

Donald E. Reid (dreid@mnat.com)
William M. Lafferty (wlafferty@mnat.com)
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200

Any party may update these lists by notifying all other parties.

For purposes of calculating discovery response times under the Federal Rules, electronic delivery at the time the email was received shall be treated in the same manner as hand delivery

at that time and service that is delivered after 6:00 p.m. Eastern Time shall be treated as if it was served the following business day.

Each side shall copy and produce materials obtained in discovery from any non-party to the other side, in the format they were received, as soon as possible and in any event within three business days after receipt by the party initiating the discovery request; except that if a non-party produces documents or electronic information that are not Bates-stamped, the party receiving the documents shall Bates-stamp them before producing a copy to other parties, and shall produce the documents or electronic information in a timeframe appropriate to the volume and complexity of the files received and shall communicate this with the other side within 24 hours after receipt and, if requested, produce the materials in the non-Bates-stamped format as soon as possible and in any event within three business days after receipt. Each side must provide the other side with (1) a copy of the party's written communications (including email) with any non-party concerning the non-party's response to or compliance with a subpoena, including any extensions or postponements, within 36 hours of the communication and (2) a written record of any oral or written modifications to the subpoena, within 36 hours of the modification.

10. **Evidentiary Presumptions**. Documents produced by any party or nonparty from its own files shall be presumed to be authentic within the meaning of Fed. R. Evid. 901 and 803(6). Any good faith objection to a document's authenticity must be provided at the same time as other objections to intended trial exhibits. If the opposing side serves a specific good-faith written objection to the document's authenticity or its status as a business record, the above presumption will no longer apply to that document and the parties will promptly meet and confer to attempt to resolve any objection. Any objections that are not resolved through this means or the discovery process will be resolved by the Court.

11

11. **Modification of Joint Stipulations Regarding Discovery**. These Joint Stipulations Regarding Discovery ("Stipulation") shall control the subsequent course of this action, unless modified by agreement of the parties and approved by the Court or modified by the Court for good cause shown. Any party may petition the Court for modification of these Stipulations for good cause, including requests for an increase in any discovery limits.

12. **Completion of Proposed Transaction**. Defendants have agreed that they will not consummate or otherwise complete their planned merger until 12:01 a.m. Eastern Time on the sixth business day following the entry of the judgment by the Court, and only if the Court enters an appealable order that does not prohibit consummation of the challenged transaction.

**AGREED TO:**

Dated: January 31, 2017

/s/ Jennifer Hall
Jennifer Hall (#5122)
Assistant United States Attorney
United States Attorney's Office
1007 Orange Street, Suite 700
Wilmington, DE 19801
(302) 573-6277

/s/ Julie Elmer
Julie Elmer
Travis R. Chapman
U.S. Department of Justice
Antitrust Division
450 Fifth Street NW, Suite 7100
Washington, DC 20530
julie.elmer@usdoj.gov

*Counsel for Plaintiff
United States of America*

/s/ Paul J. Lockwood
Paul J. Lockwood (ID No. 3369)
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
920 N. King Street
P.O. Box 636
Wilmington, Delaware 19899
(302) 651-3000
paul.lockwood@skadden.com
*Counsel for Defendants
EnergySolutions, Inc. and Rockwell Holdco, Inc.*

/s/ William M. Lafferty
Donald E. Reid (ID No. 1058)
William M. Lafferty (ID No. 2755)
MORRIS NICHOLS ARSHT & TUNNELL
1201 North Market Street, 16th Floor
P.O. Box 1347
Wilmington, Delaware 19899-1347
(302) 658-9200
dreid@mnat.com
wlafferty@mnat.com

*Counsel for Defendants Waste Control Specialists LLC and Andrews County Holdings, Inc.*

OF COUNSEL:

Tara L. Reinhart (*pro hac vice*)
Steven C. Sunshine (*pro hac vice*)
Tiffany Rider
Steven Albertson
SKADDEN, ARPS, SLATE,
   MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, D.C. 20005

Paul M. Eckles (*pro hac vice*)
Kenneth B. Schwartz
Charles Crandall

13

Luke T. Taeschler
SKADDEN, ARPS, SLATE,
 MEAGHER & FLOM LLP
4 Times Square
New York, New York 10036

*Counsel for Defendants EnergySolutions, Inc.
and Rockwell Holdco, Inc.*

Joseph Ostoyich (*pro hac vice*)
Hugh M. Hollman (*pro hac vice*)
BAKER BOTTS LLP
1299 Pennsylvania Avenue, NW #120
Washington, D.C. 20005
(202) 639-7700
joseph.ostoyich@bakerbotts.com
hugh.hollman@bakerbotts.com

Van H. Beckwith
BAKER BOTTS LLP
2001 Ross Avenue
Suite 600
Dallas, Texas 75201
van.beckwith@bakerbotts.com

*Counsel for Defendants Waste Control
Specialists LLC and Andrews County
Holdings, Inc.*

14