IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civ. No. 16-1056-SLR |
| ) | |
| ENERGY SOLUTIONS, INC., ) | |
| ROCKWELL HOLDCO, INC., ) | |
| ANDREWS COUNTY HOLDINGS, INC., ) | |
| and WASTE CONTROL SPECIALISTS ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

At Wilmington this ___ day of April 2017, having carefully reviewed the parties' pre-trial order, proposed findings of fact, and conclusions of law, the court advises the parties to consider the following issues in connection with presenting their evidence at trial;

1. The court is familiar with the facts set forth in parties' joint statement of admitted facts in the pre-trial order, including the characterization of waste as high, low, and very low, the classification of lower level radioactive waste, the compact system, the various disposal facilities located in the United States, and the existence of state and federal regulations dictating where different classes of waste can be disposed. (See D.I. 203 at Ex. 1) There is no dispute on these issues and the parties fully elaborated on these facts in their proposed findings of fact, which should limit the time needed, if any, to present evidence establishing this background.

2. The parties agree that the Relevant States constitutes the relevant geographic market. (D.I. 203 at Ex. 2-A ¶ d; *Id.* at Ex. 2-B ¶ g). Accordingly, the parties do not need to address this issue at trial.

3. Both parties have addressed the burden shifting framework used for some claims under Section 7 of the Clayton Act. *See, e.g., Fed. Trade Comm'n v. Penn State Hershey Med. Ctr.*, 838 F.3d 327, 337 (3d. Cir. 2016). Under that framework, the government can establish a prima facie case of presumptive illegality if statistics show a high concentration or a significant increase in market share for the relevant market. *See, e.g., United States v. Phila. Nat'l Bank*, 374 U.S. 321, 363 (1963); *United States v. Aluminum Co. of Am.*, 377 U.S. 271, 279 (U.S. 1964). If the government makes this showing, the defendant must rebut the presumption by producing evidence that "show[s] that the market-share statistics [give] an inaccurate account of the acquisition['s] probable effects on competition." *United States v. Citizens & S. Nat.'l Bank*, 422 U.S. 86, 120 (1975). The statistics presented by the government, if accurate, suggest that it can establish a prima facie case, leaving the burden on defendants to rebut the presumption.

4. However, use of the presumption of illegality appears to be limited to a "horizontal" merger between companies that provide competing products. It appears that the presumption is not applied in analyzing the anti-competitive effects of a non-horizontal merger, such as a "vertical," "conglomerate," or "product-extension" merger. *See, e.g., Fed. Trade Comm'n v. Procter & Gamble Co.*, 386 U.S. 568 (1967); *Gen. Foods Corp. v. F.T.C.*, 386 F.2d 936, 944 (3d. Cir. 1967). If this is not a horizontal merger, the parties should be prepared to explain the proper legal framework for analyzing whether the

merger is anti-competitive under section 7, and to present evidence relevant to that legal framework.

5. The parties should provide the court with copies of each admitted exhibit as it is admitted.

                                                                                                     _____
                                                                                Senior United States District Judge